(No. 4871-

WILLIAM H. EGAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 24, 1961.*

RUDOLPH J. WESTPHAL, Attorney for Claimant.

GRENVILLE BEARDSLEY, Attorney General; WILLIAM H. SOUTH, Assistant Attorney General, for Respondent.

TOLSON, C. J.

On June 4, 1959, William H. Egan filed his complaint in two counts against the State of Illinois seeking an award for damages to his property, which were caused by a falling aircraft belonging to the State of Illinois.

It appears from the evidence that Lieutenant Hugh B. Lott, Jr. was a member of the Illinois Air National Guard, and, on the 14th day of March, 1959, was flying on a routine training mission. He was returning to the

Greater Peoria Airport in Peoria, Illinois on the date in question, when his plane was allowed to "stall out", and fell upon a certain building belonging to claimant. The fall of the plane completely demolished the building and all of the contents.

The following is a Departmental Report from the office of the Adjutant General, the tenor of which admits liability because of pilot failure:

22 June 1959

"Honorable Grenville Beardsley
Attorney General of Illinois
Springfield, Illinois

Dear Sir:

The following comments are made in reply to your request of 6 June 1959 concerning the claim against the State of Illinois made by Mr. William H. Egan (Claim No. 4871).

2d Lt. Hugh B. Lott, Jr., AO3079986, was appointed and federally recognized in the Illinois Air National Guard on 29 June 1957, with duty assignment as Pilot Tactical Fighter, 169th Tactical Fighter Squadron (Sp. Del.).

Lt. Lott was, as directed by Flight Order No. 72 (Attachment No. 1), piloting an F-84F Aircraft, Serial No. 526544, which crashed on the property belonging to Mr. Egan at approximately 1320 hours on 14 March 1959.

Lt. Lott at the time of the accident was performing inactive duty training as authorized under Title 32, United States Code, Section 502. The accident occurred during the landing phase of the flight when Lt. Lott allowed the aircraft to 'stall out' while turning on the final approach for landing. The accident and subsequent damage to Mr. Egan's property is attributable to 'pilot error' on the part of Lt. Lott in not maintaining sufficient air speed and proper altitude of the aircraft to effect a safe landing at Greater Peoria Airport, Peoria, Illinois.

Attachment No. 2 is a report of the aircraft accident investigating officer setting forth all of the facets involved in the accident.

In regard to the above, attention is invited to the opinion of your office, dated 31 July 1947, concerning claims for damage to private property by government aircraft assigned to the Illinois National Guard.

Very truly yours,<br>LEO M. BOYLE<br>Maj. Gen., AGC, Ill ARNG<br>The Adjutant General"

The case was heard on February 18, 1959 by Commissioner George W. Presbrey. A copy of his report is as follows:

## COMMISSIONER'S REPORT

"The evidence in the above entitled cause was heard and taken on September 18, 1959, in the City of Peoria. Rudolph J. Westphal represented claimant, William H. Egan, and William South, Assistant Attorney General, represented respondent, the State of Illinois.

"Claimant, William H. Egan, is the owner of a small farm located approximately one and one-half miles from the Greater Peoria Airport, Peoria, Illinois. On March 14, Lieutenant Lott was flying an F-84F jet aircraft as a member of the Illinois National Guard. According to the Departmental Report, and this appears to be the only proof on this point, Lieutenant Lott allowed his aircraft to 'stall out' while turning on the final approach for landing at the Greater Peoria Airport. According to the Departmental Report, the Lieutenant did not maintain sufficient air speed and proper altitude to effect a safe landing at the airport. As a result, the jet aircraft crashed on the property owned by claimaint, causing extensive damage. The items damaged or destroyed, and repairs required are set forth in claimant's exihibit A, which is attached to his complaint. A real estate agent testified that the property in question was worthless, due to the loss of the aluminum building, approximately 20 by 50 feet in dimension. In general, the amounts claimed were substantiated by the testimony. There might have been a few minor discrepancies. The inconvenience the claimant has sustained, as well as the expense he will incur in collecting his damages, will more than offset any minor discrepancies in the amount of damages.

"Lieutenant Lott, the deceased pilot, as a member of the Illinois National Guard, was an agent of the State. He was negligent in the operation of said aircraft. It cannot be seriously contended that claimant was guilty of contributory negligence. The sole question is one of damages. It is, therefore, recommended that claimant be awarded the sum of $9,444.42."

Respondent has not denied liability in this case, but has limited itself to the question of damages, and contends that claimant has failed to establish the true measure of loss for each of the items described in the bill of particulars.

The Commissioner, in his report, found that the amounts claimed were substantiated for the most part by the testimony, and that any discrepancies were minor.

From the transcript of the testimony, it appears as though there was direct testimony as to the value of each of the items mentioned in the complaint, and it would appear as though the claimant has furnished adequate proof as to the measure of damages.

"Where the right of recovery exists, the defendant cannot escape liability because the damages are difficult of exact ascertainment. The nature of the inquiry in the instant case is such that it is difficult, if not impossible, to ascertain with mathematical certainty the amount of the defendant in error's damages, but this difficulty affords no answer to a cause of action, which results from a breach of duty imposed by law. The unliquidated damages growing out of the commission of a tort are seldom susceptible of exact measurement. The rule is, that, while the law will not permit witnesses to speculate or conjecture as to the possible or probable damages, still the best evidence, which the subject will admit, is receivable, and this evidence is often nothing better than the opinions of persons well informed upon the subject under investigation."

*Johnston* vs. *City ,of Galva,* 316 Ill. 598.

The report of the Commissioner is hereby adopted by this Court, and, an award is, therefore, made to claimant, William H. Egan, in the amount of $9,444.42.